This appeal brings up for review the action of the trial court in dismissing the complaint and entering judgment for the defendant. Grace Lynch, administratrix of the estate of James F. Lynch, deceased, brought suit in the former Supreme Court against the defendant, alleging that it was the agent and operated, managed and controlled the vessel "Ben F. Dixon;" that on August 16, 1944, the vessel was under the management, operation and control of the defendant, its masters, officers and crew, agents, servants and employees; that on that date decedent was lawfully aboard the vessel in the performance of his duties as an employee of Bethlehem Steel Co.; that he stepped on a hatch cover of the vessel and, due to the negligence, carelessness and recklessness of the defendant, was precipitated into the hold and died of the injuries thus received. The negligence is set forth specifically as follows:
"Said accident was caused without any fault on the part of the plaintiff's intestate, wholly and solely by the defective, unsafe and unseaworthy condition of the vessel, and by the fault and negligence of the defendant, its agents, servants and employees, and of the master, officer and crew of the vessel, in the following among other particulars, which will be pointed out at the trial of this action. *Page 406 
"(1) In failing to furnish and provide the plaintiff's intestate with a safe place to perform his work.
"(2) In maintaining short, inadequate and insufficient planks or boards in the hatch cover.
"(3) By maintaining loose, defective, worn, old, rotted and unsafe planks or boards in the hatch cover.
"(4) By covering the hatch with tarpaulin without first properly placing the planks or boards of the hatch cover over the hatch.
"(5) In failing to properly guard the hatch opening or make the passage way secure, and to properly cover up the said hatch.
"(6) In failing to properly illuminate the deck and said vessel.
"(7) In failing to make proper inspection of the hatch covers upon said vessel.
"(8) In failing to warn him of the danger of walking upon said hatch cover, or hatchway.
"(9) In failing to provide proper and sufficient ways, works, means and appliances to plaintiff's intestate.
"(10) In failing to furnish, provide and maintain the vessel in a seaworthy condition."
The defendant either denied or alleged that it had no knowledge or information sufficient to form a belief as to the allegations of the complaint and then pleaded separate defenses (1) that it was not guilty of negligence; (2) that plaintiff's intestate was guilty of contributory negligence; (3) assumption of risk; (4) that the negligence was that of a third party over whom the defendant had no control; (5) that the issues raised are resadjudicata by reason of a judgment entered in the United States District Court for the Southern District of New York. Thereafter the defendant moved to dismiss the complaint and on October 19, 1948, an order was entered dismissing the complaint and entering final judgment in favor of the defendant.
The grounds upon which the court dismissed the complaint were stated to be "that defendant-petitioner (United Fruit Company) as an agent of the United States of America, under the General Agency Agreement referred to in the complaint, was not in possession and control of the steamship `Ben F. Dixon,' so as to render it liable herein and being further of the opinion that the facts, matters and things herein at issue are res judicata by reason of the decision and decree entered thereon in a certain suit in admiralty in the United States District Court for the Southern District of New York, entitled *Page 407 
`Grace Lynch, Administratrix of the Estate of James F. Lynch, deceased, libellant, against United States of America and War Shipping Administration, Respondents, and Bethlehem Steel Company, Respondent-Impleaded' * * * affirmed by the United States Court of Appeals for the Second Circuit."
The libel in the federal court was grounded on negligence, the twelfth paragraph of the libel reading:
"Twelfth: Said accident was caused without any fault on the part of the libelant's intestate, wholly and solely by the defective, unsafe and unseaworthy condition of the vessel, and by the fault and negligence of the master, officers and crew of the said vessel, in the following, among other particulars, which will be pointed out at the trial of this action.
"(1) In failing to furnish and provide the libelant's intestate with a safe place to perform his work.
"(2) In maintaining short, inadequate and insufficient planks or boards in the hatch cover.
"(3) By maintaining loose, defective, worn, old, rotted and unsafe planks or boards in the hatch cover.
"(4) By covering the hatch with tarpaulin without first properly placing the planks or boards of the hatch cover over the hatch.
"(5) In failing to properly guard the hatch opening or make the passage way secure, and to properly cover up the said hatch.
"(6) In failing to properly illuminate the deck and said vessel.
"(7) In failing to make proper inspection of the hatch covers upon said vessel.
"(8) In failing to warn him of the danger of walking upon said hatch cover, or hatchway.
"(9) In failing to provide proper and sufficient ways, works, means and appliances to libelant's intestate.
"(10) In failing to furnish, provide and maintain the vessel in a seaworthy condition."
The appellant seeks a reversal of the judgment in favor of defendant, and argues that the issues raised in the pleadings in the present suit are not the same as the issues raised in the admiralty suit in the United States District Court. We have set forth the allegations of negligence of the complaint in both actions and it should be noted that in the suit in the state court, the allegation was negligence of the defendant's "agents, servants and employees and of the master, officers and crew" and that in the libel, the negligence is limited to *Page 408 
that of the "master, officers and crew of the said vessel." Under the pleadings in the federal action, the plaintiff could recover if there was proof that the negligence was that of the master, officers and crew of the vessel. Under the allegation of negligence in the state court, the plaintiff could recover if it were able to show negligence by an agent, servant or employee other than the master, officers or crew of the vessel. In that respect, the issues differ. Thus there was a possibility that had the state action proceeded to trial, the plaintiff might have introduced evidence to establish that the negligence which caused the decedent's death was that of an agent or servant of the defendant, other than the master, officers or members of the crew. In view of the possibility under the pleadings in the state court of a cause of action based upon the negligence of someone whose negligence could not be an issue in the federal action, the judgment in the latter court could not be res adjudicata.
Whether or not the present defendant was in possession and control of the vessel may depend upon what evidence is adduced at the trial. We do not see how it can be said that the defendant was not in possession and control until the evidence of plaintiff is presented. Until the facts are brought out, we cannot determine whether, as defendant argues, the case is controlled byCalderola v. Eckert, 332 U.S. 155, 91 L.Ed. 1968 (Sup.Ct. 1947).
The judgment is reversed. *Page 409